The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN NOEL, <br><br> Defendant. | NO. CR20-034 JCC <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Jessica M. Manca, Assistant United States Attorney for said District, Defendant Stephen Noel and Defendant's attorney, Peter Mazzone, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a. *Felon in Possession of a Firearm*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1);

Plea Agreement - 1
U.S. v. Noel, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. *Possession of Methamphetamine with Intent to Distribute*, a lesser-included offense of Count 2, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

c. *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code, Section 924(c)(1)(A).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s)**. The elements of the offense(s) to which Defendant is pleading guilty are as follows:

The elements of *Felon in Possession of a Firearm*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

*First*, Defendant knowingly possessed a firearm;

*Second*, at the time Defendant possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

*Third*, at the time Defendant possessed the firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year;

*Fourth*, the firearm had previously been shipped or transported from one state to another state, or from a foreign nation to the United States.

The elements of *Possession of Methamphetamine with Intent to Distribute*, a lesser-included offense of Count 2, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), are as follows:

Plea Agreement - 2
U.S. v. Noel, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> *First*, Defendant knowingly possessed methamphetamine, which is a controlled substance; and
>
> *Second*, Defendant possessed the methamphetamine with the intent to distribute it to another person.

The elements of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code, Section 924(c)(1)(A), are as follows:

> *First*, Defendant committed the crime of *Possession of Methamphetamine with Intent to Distribute*, as charged in Count 2 of the Indictment, which is a drug trafficking crime;
>
> *Second*, Defendant knowingly possessed a firearm; and
>
> *Third*, Defendant possessed the firearm in furtherance of the crime of *Possession of Methamphetamine with Intent to Distribute*.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

   a. For the offense of *Felon in Possession of a Firearm*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1): A maximum term of imprisonment of up to ten (10) years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars.

   b. For the offense of *Possession of Methamphetamine with Intent to Distribute*, a lesser-included offense of Count 2, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C): A maximum term of imprisonment of up to twenty (20) years, a fine of up to $1,000,000.00, a period of supervision following release from prison of at least three (3) years, and a mandatory special assessment of $100.00 dollars.

   c. For the offense of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code,

Plea Agreement - 3
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Section 924(c)(1)(A):  A maximum term of imprisonment of up to Life and a mandatory minimum term of imprisonment of five (5) years, which sentence must be served consecutive to any other sentence, a fine of up to $250,000.00, a period of supervision following release from prison of up to five (5) years, and a mandatory special assessment of $100.00 dollars.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 4
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.    The right to a speedy and public trial before a jury of Defendant's peers;

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

5.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 5
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    **Statement of Facts**.  The parties agree on the following facts.  Defendant admits he is guilty of the charged offenses.

As of May 11, 2019, Stephen Noel knew he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

- *Possession of a Stolen Vehicle* and *Attempting to Elude a Pursuing Police Vehicle*, in King County Superior Court, Washington, under cause number 14-1-01979-0 KNT, dated on or about September 26, 2014;

- *Burglary in the First Degree* and *Unlawful Manufacturing of a Controlled Substance (UMCS Meth, Sched. II)*, in Pierce County Superior Court, Washington, under cause number 03-1-05073-5, dated on or about August 31, 2004;

- *Attempt to Elude*, in King County Superior Court, Washington, under cause number 03-1-00949-7 KNT, dated on or about December 12, 2003;

Plea Agreement - 6
U.S. v. Noel, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- *Attempting to Elude a Pursuing Police Vehicle*, in King County Superior Court, Washington, under cause number 03-C-02069-5 KNT, dated on or about December 12, 2003;

- *Taking Motor Vehicle Without Permission*, *Attempting to Elude a Pursuing Police Vehicle*, and *VUCSA – Possess Methamphetamine*, in King County Superior Court, Washington, under cause number 02-1-00123-4 KNT, dated on or about March 29, 2002; and

- *Assault in the Third Degree*, in King County Superior Court, Washington, under cause number 00-1-08994-1 KNT, dated on or about April 13, 2001.

On May 11, 2019, an Algona police officer contacted Mr. Noel while he was driving a stolen car in Algona, Washington. Mr. Noel was the sole occupant of the vehicle. After obtaining the registered owner's consent to search the car, the Algona police officer located a black camera bag in the trunk and a note with Mr. Noel's name and address. The bag contained the following items:

- a Smith and Wesson 9mm SVD9E semi-automatic pistol;
- 65 grams of methamphetamine;
- 4.7 grams of suspected heroin;
- 10.7 grams of an unidentified white powder;
- several individual small ziplock baggies;
- two cell phones; and
- a digital scale.

One of the cell phones in the black bag was Mr. Noel's cell phone. Both the cell phone and Mr. Noel's Facebook account contained messages in which Mr. Noel acknowledged ownership of the black bag and its contents and negotiated the sale of methamphetamine and other controlled substances.

Mr. Noel knowingly possessed the methamphetamine with intent to distribute it to others, and knowingly possessed the 9mm pistol to protect himself, his methamphetamine, his heroin, and the financial proceeds of his drug trafficking activities.

Plea Agreement - 7
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The 9mm pistol was shipped from one state to another state before it was possessed by Mr. Noel in the Western District of Washington.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

> As to Count 2, a base offense level of 24 is applicable pursuant to U.S.S.G. § 2D1.1(c)(8), because the relevant offense conduct involved 65 grams of methamphetamine and 4.7 grams of heroin, which is equivalent to 134.7 kilograms of converted drug weight.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to recommend that the appropriate term

Plea Agreement - 8
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of imprisonment to be imposed by the Court at sentencing is a term that is no less than eight (8) years, and no more than ten (10) years.

Defendant understands that neither party's recommendation is binding on the Court and that the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11. **Forfeiture.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any property that facilitated and/or constitutes proceeds of his commission of *Possession of Methamphetamine with Intent to Distribute*. All such property is forfeitable pursuant to Title 21, United States Code, Section 853.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which Defendant has any interest, if that property

Plea Agreement - 9
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

facilitated and/or constitutes proceeds of his commission of *Possession of Methamphetamine with Intent to Distribute*.

12. **Abandonment of Contraband and Firearms**. Defendant also agrees that if any federal law enforcement agency seized any illegal contraband that was in his direct or indirect control, he consents to the federal administrative disposition, official use, and/or destruction of that contraband. Defendant also agrees to abandon any interest he may have in the Smith and Wesson 9mm caliber firearm seized from his vehicle on May 11, 2019. Defendant recognizes that, as a convicted felon, it is illegal for him to possess firearms. He consents to the federal administrative disposition, including the destruction, of those firearms.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States

Plea Agreement - 10
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court,

Plea Agreement - 11
*U.S. v. Noel*, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//

Plea Agreement - 12
U.S. v. Noel, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 21st day of April, 2021.

/s Stephen Noel
STEPHEN NOEL
Defendant

/s Peter Mazzone
PETER MAZZONE
Attorney for Defendant

/s Jessica M. Manca
JESSICA M. MANCA
Assistant United States Attorney

/s Todd L. Greenberg
TODD L. GREENBERG
Assistant United States Attorney

Plea Agreement - 13
U.S. v. Noel, CR20-034 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970